## CIRCUIT COURT OF FAIRFAX COUNTY

In re J. B.

### March 6, 1990

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the court is an appeal from the decision of the Juvenile and Domestic Relations District Court in which a guardian *ad litem* was appointed to represent the interests of a minor child, J. B. The child is the subject of a Fairfax County Department of Human Development child abuse investigation.

The Juvenile Court entered its order upon a motion filed by the child's father as next friend for the child. The motion requested that a guardian *ad litem* be appointed to represent the child's interests during any interviews of the child by the Department's social workers conducting the child abuse investigation. The Juvenile Court granted the motion. The appeal was filed by the Fairfax County Department of Human Development on the basis that the Juvenile and Domestic Relations District Court lacked jurisdiction to make the appointment and that, furthermore, the appointment of a guardian *ad litem* in these circumstances is beyond the authority granted by statute. § 16.1-266, Code of Virginia, (Repl. Vol. 1988).

First, the department contends that the jurisdiction of the Juvenile Court may only be invoked by petition. In this case, it is alleged that the parties attempted to proceed by motion. Subsequent to the hearing, the Court was advised that a petition had, in fact, been filed, prior to the filing of the motion seeking appointment of the guardian *ad litem.*

The petitions filed, however, relate to other matters and do not effectively bring the matter of abuse and neglect before the Court and within its jurisdiction. Nevertheless,

it is my opinion that the Juvenile and Domestic Relations Court has the authority and discretion to appoint counsel in this matter if such an appointment is necessary to protect the interest of the child, even in the absence of a petition on the following grounds.

First, § 16.1-266(D) broadly enunciates such power has been granted to the Court. "In all other cases which in the discretion of the court require counsel or a guardian ad litem to represent the interests of the child or children or the parent or guardian, a discreet and competent attorney-at-law may be appointed by the court." This section's reference to "all other cases" distinguishes between cases involving hearings, § 16.1-266(A), and "other cases," presumably not necessarily involving a hearing but nonetheless within the Court's purview and jurisdiction.

Second, § 16.1-260 specifically requires complaints received by the Court in which allegations of abuse and neglect are made, to be referred to the local department of public welfare or social services. Thus, these cases are within the purview and jurisdiction of the Court to the extent that a mandatory referral to the Department can be effected, and it is significant that no petition is required to invoke the Court's jurisdiction to exercise the authority to refer. Indeed, filing a petition before referral will be deemed invalid since the statute makes referral a mandatory initial response. In my opinion, these cases can be construed to constitute "other cases," as referenced in § 16.1-266(D). Third, the legislature has expressly provided that the law of this title be construed liberally and as remedial in character, § 16.1-227. It further conferred powers upon the Juvenile and Domestic Relations Court which were intended to be general in nature so that the beneficial purposes of the law as set forth can be attained. These powers are not limited but encompass "all necessary and incidental powers and authority, whether legal or equitable," to effect the court's humane purpose. *Id.* In short, the statute establishing the Court's jurisdiction itself calls for an expansive reading of the power and authority conferred on the Juvenile and Domestic Relations Court and its judges and, in my opinion, establishes a legal basis for the appointment of counsel in matters which are within its purview for response but not necessarily for present adjudication.

With respect to the second issue, it is my opinion that the Juvenile Court has the authority to appoint a guardian *ad litem* to represent the interests of this child during the pendency of the Department's investigation of a claim of child abuse. As noted above, § 16.1-266 of the Virginia Code provides that "prior to the hearing by the court of *any case* involving a child who is alleged to be abused or neglected . . . . the court shall appoint a discreet and competent attorney-at-law as guardian *ad litem* to represent the child." (Emphasis added.) That same section further provides that, "in all other cases which in the discretion of the court require counsel or a guardian *ad litem* to represent the child or children or the parent or guardian, a discreet and competent attorney-at-law may be appointed by the court." *Id. See also* Section 8.01-9, Code of Virginia (Repl. Vol. 1984). It appears that the appointment of a guardian *ad litem* for this child is within the intent of the statute and the broad equitable powers granted to the Juvenile Court by the state legislature.

The Department contends, however, that Virginia Code § 63.1-248.10 limits the statute's broad grant of power to the Court to appoint a guardian *ad litem*. That section authorizes employees of the Department to talk to any child suspected of being abused or neglected without consent of and outside the presence of the child's "parent, guardian, legal custodian, or other persons standing *in loco parentis*, or school personnel." Va. Code § 63.1-248.10. (Repl. Vol. 1987). The Department argues that this code section "evinces an intent by the Virginia General Assembly to permit unrestricted contact between Department personnel and any child suspected of being abused or neglected," and therefore, the presence of a guardian *ad litem* appointed to represent the interest of the child during such interviews is inconsistent with and violative of the referenced code section.

In my opinion, § 63.1-248.10 does not lend itself to the construction urged by the Department. On its face, it excludes only individuals who are parents or who stand *in loco parentis*, (or who are school personnel). "*In loco parentis*" is defined in Black's Law Dictionary as, "In the place of a parent, instead of a parent, charged, factitiously, with a parent's rights, duties, and responsibili-

ties." Black's Law Dictionary 708 (5th Ed. 1979). It is also helpful to review the definitions provided by Black's Law Dictionary of the terms "guardian" and "guardian *ad litem*." The former is defined as follows: "A person lawfully invested with the power and charged with the duty of taking care of the person and managing the property and rights of another person, who for defect of age, understanding, or self control is considered incapable of administering his own affairs. One who legally has the care and management of the person, or the estate, or both, of a child during its minority." Black's Law Dictionary 635 (5th Ed. 1979). A guardian *ad litem* is "a special guardian appointed by the court to prosecute or defend, in behalf of an infant or incompetent, a suit to which he is a party, and such guardian is considered an officer of the court to represent the interest of the infant or incompetent in the litigation." Black's Law Dictionary 635 (5th Ed. 1979). Thus, a clear distinction must be made between an individual functioning as a guardian *ad litem* and an individual functioning as a parent or parental surrogate. *See also* generally, Michie's Jurisprudence, vol. 9A, *Guardian and Ward*, 288 (1977). The statute prohibits the presence of the latter group. It does not exclude, expressly or implicitly, the presence of a guardian *ad litem* acting in his representative capacity and serving the legal interest of the child. The power to appoint a guardian *ad litem* is a power incident to the jurisdiction of the Juvenile Court in matters regarding the welfare of the child, generally, and regarding claims of abuse and neglect, specifically. In my opinion, that power is not limited by the statutes applicable in this case.

In summary, I find the jurisdiction of the Court to appoint a guardian *ad litem* has been properly invoked and that the appointment of a guardian *ad litem* is valid.